[Cite as *State v Allmon*, 2023-Ohio-3878.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :           No. 112357

    v.                             :

MALCOLM ALLMON,                         :

    Defendant-Appellee.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649767-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the sentence imposed on defendant Malcolm Allmon ("Allmon") in Cuyahoga C.P. No. CR-20-649767-B and claims the following error:

> The trial court erred in failing to journalize the maximum term in accordance with R.C. 2929.14 and R.C. 2929.144.

{¶ 2} We affirm Allmon's sentence but remand the case to the trial court to issue a nunc pro tunc judgment entry separately setting forth the minimum and maximum prison terms on each of Allmon's convictions.

## I. Facts and Procedural History

{¶ 3} In Cuyahoga C.P. No. CR-20-649767-B, Allmon pleaded guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a Reagan Tokes qualifying first-degree felony; one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a Reagan Tokes qualifying first-degree felony; and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a Reagan Tokes qualifying first-degree felony. The trial court set forth a three-year prison term on each count, and, pursuant to the Reagan Tokes Law, sentenced Allmon to "a minimum prison term of sentence of 3 year(s) and a maximum prison term of 4.5 year(s) on the underlying offense(s)." The court indicated that the sentences would run concurrent to each other. This appeal followed.

## II. Law and Analysis

{¶ 4} In its sole assignment of error, the state argues the trial court erred in failing to properly journalize the maximum prison term in accordance with R.C. 2929.14 and 2929.144. The state does not argue that the trial court failed to impose the appropriate maximum term; it contends the journalization of the sentence was not in accordance with R.C. 2929.14 and 2929.144.

{¶ 5} R.C. 2929.14 governs prison terms and states, in relevant part:

(1)(a) For a felony of the first degree committed on or after March 22, 2019, the *prison term shall be an indefinite prison term with a stated minimum term* selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years *and a maximum term* that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

* * *

(2)(a) For a felony of the second degree committed on or after March 22, 2019, *the prison term shall be an indefinite prison term with a stated minimum term* selected by the court of two, three, four, five, six, seven, or eight years *and a maximum term* that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

(Emphasis added.) Thus, under R.C. 2929.13(A)(1)(a) and (A)(2)(a), the trial court must impose an indefinite prison term for each qualifying first- or second-degree felony, and the maximum term must be calculated in accordance with R.C. 2929.144. As relevant here, R.C. 2929.144(B)(3) provides:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

{¶ 6} The state argues the trial court failed to comply with R.C. 2929.14(A)(1)(a) and (A)(2)(a) because the court imposed "a definite sentence as to each count with an overall maximum term." (State's appellant brief p. 4.) The sentencing entry states, in relevant part:

> The court imposes a minimum prison term of 3 year(s) and a maximum prison term of 4.5 years on the underlying offense(s).

{¶ 7} The sentencing entry imposes an indefinite prison sentence on all counts collectively rather than imposing a minimum and maximum prison term on each count individually as required by R.C. 2929.14(A)(1)(a) and (A)(2)(a). The sentence is, therefore, contrary to law.

{¶ 8} Judgment affirmed but case remanded to the trial court to issue a nunc pro tunc judgment entry setting forth the minimum and maximum prison terms on each of Allmon's convictions.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR